## RIESER CO., Inc., v. NILES.

(Court of Appeals of District of Columbia. Submitted March 11, 1925. Decided April 6, 1925.)

No. 1731.

Trade-marks and trade-names and unfair competition ⊕45½, New, vol. 7A Key-No. Series—Goods held not possessed of same descriptive qualities, so as to require determination of question whether trade-marks were deceptively similar.

Hair and scalp preparations and hair nets and curlers *held* not possessed of same descriptive qualities, so as to require determination of question whether trade-marks in use thereon were *deceptively similar*.

Appeal from Commissioner of Patents.

Proceeding for cancellation of trade-mark by the Rieser Company, Inc., against Carrie J. Niles. From a decree denying cancellation, the former appeals. Affirmed.

J. L. Levy, of New York City, for appellant.

James Atkins, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This appeal is in a trade-mark cancellation proceeding, in which the tribunals of the Patent Office concur in the view that appellee's mark should not be canceled.

Prior to the adoption and registration by appellant of the mark "Weneeda," for use on a preparation for the treatment of the hair and scalp, appellee had used the mark "Venida" on hair nets and hair curlers. Subsequent to appellee's entry into the field, appellant used its mark on toilet soaps, lip sticks, talcum powder, rouge, toilet creams, etc.

The tribunals of the Patent Office did not find it necessary to determine whether the two marks are deceptively similar, nor do we. Hair and scalp preparations are not goods of the same descriptive qualities as hair nets and hair curlers, since their general and essential characteristics are different. See Hump Hairpin Co. v. De Long Hook & Eye Co., 39 App. D. C. 484; Consumers' Co. v. Hydrox Chemical Co., 40 App. D. C. 284; and Nulyne Laboratories v. Electro-Alkaline Co., 52 App. D. C. 265, 285 F. 999. In the case last cited we said: "This, therefore, is a case in which the goods of the parties are dissimilar and possess different qualities and characteristics [citing cases]. When appellant adopted its mark, the field was open. In other words, there is nothing to raise a doubt as to its good faith, and we therefore do not think appellee should be permitted, at this late day, to appropriate the business and good will thus established."

The ruling just discussed is apposite here, and it results that the decision must be affirmed.

Affirmed.